The opinion of the. court was delivered by

Mr. Justice Gantt..

To shew that the- title derived tinder Hall’s- judgment could not avail, it was attempted on the part of the defendant to shew that the-judgment had been- satisfied; and the objection now. raised is, that the evidence of the fact of payment was rejected by the court. The evidence thus alluded to, was an article of agreement between William Hall, as agent and attorney for A. Hall, Jacob and Isaac Barrett, and- Needham Davis, entered .into on the 4th April, 1820. By this agreement it appeared tli-at Jacob and Isaac Barrett had purchased of Need-ham Davis, a house and lot, subject to the lien of Hall’s judgment against Davis: they had agreed to give for the same eight thousand dollars, six of which they had paid, and William Hall, by the agreement thus entered into, covenanted, as agent for A. Hall, that the property thus sold should be exempt from the operation of the judgment of Ai Hall, on the Barrett’s paying the remaining two thousand dollars of the purchase money *461 in part satisfaction of A. Hall’s judgment. There were other details in the articles of agreement which need ne notice at this time, but will be hereafter referred to, except that the agreement distinctly recognizes the existence of A. Hall’s judgment and the balance due tender it. The two thousand dollars thus agreed to b2 paid by the said Barretts to Hall,-was to be effected through the medium of the bank, they (the Barretts') to furnish a negotiable note to that amount for discount. Wm, Hall’s receipt is attached to the agreement, whereby lie acknowledges' the receipt of the negotiable note, agreeably to the •stipulation on the part of the Barretts; and on February 9th, 1821, the word “satisfied” is written .under this receipt, with the name of Ainsley Hall underneath it. It was contended on the trial, thatas this tripartite agreement was in reference to •the judgment of A. Hall, the word “ satisfied” found oil it, with A. Hall’s signature annexed, was evidence to shew that the judgment itself was fully satisfied.; but the court thought that such an interpretation was altogether inadmissible, regard being paid to the 'context of the agreement, and that i.t could refer only to one of tw'o things, cither that he, A. Iiail, was satisfied with what the agent had done in entering into the agreement, or that the negotiable note of two thousand dollars liad boca satisfied. That to extend the construction beyond •this, would he to make the articles of agreement embrace matter hot contemplated by the parties who entered into it. It was further said by the court, that although it might have been designed as a satisfaction of the balance due on the judgment, stiS the evidence of satisfaction ought to have been transferred to the record, and an exoneretur then duly entered, or a purchaser without notice of such payment would be protected.
The only notice given by the defendant on the day of sale, was the exhibition -of his title under Davis; but Davis could only sell subject to the lien of Hall’s judgment, • and of the existence ■of this judgment, open and unsatisfied, eyery man might and ought to have informed himself, by reference to the records ia the clerk’s office. There was not the slighest foundation however for the supposition that the judgment had been satisfied in *462 full, from any tiling which appeared on the article of agree, meni. The entry must necessarily have had relation to the subject matter of the agreement, and could not by any correct rule of construction have been extended beyond it.
As this document therefore furnished no evidence whatever of satisfaction having been made lor the balance due on-the judgment of A. Hall, although it had been admissible-with that design, still under the circumstances of the case it could not have availed the party. The evidence was properly rejected by the court.
The second ground taken for a new trial is, because the sale of said lot was void, the execution-under which it was sold being without authority. The execution of A. Hall was taken out and lodged the day on which the judgment was entered up, to wit, on the 30th March, 1818; the execution had been several times renewed; a levy was made-on the 9 th May, 1822, andón the 3d June following,, the lot was sold. Now by an article in the agreement before alluded to, in reference to the balance due on the judgment of Hall, vs. Davis, it is stipulated on the part and behalf of the Barretts, that they shall become collateral security to Hall for the same, in consequence of his release of the lien created by his judgment, on the lot sold by Davis to the Barretts, and Davis, a party to this agreement,, stipulates to pay on every sixty days, -three hundred and fifty dollars, and on his failure to do so, then either Hall or the Bar-retts are invested with the right of proceeding immediately against the said Davis, on said judgment, for the balance dua thereon. Independently of this clause in the agreement,, on the trial it was admitted that Davis had given his assent to the enforcement of the execution under which the levy and sale was made. This double consent of Davis, first by his covenant-in the article of agreement and next as respected the execution itself, under which the property was sold, superceded, in' the opinion of the presiding judge, the necessity of a renewal of the execution by sci. fa. although a year and a day had elapsed before- the time of issuing the execution.
*463 It appeared that the stay of execution in this Case had been at the instance of Davis himself, and where there is a stay of execution, it may issue after the year and a day, without sci. fa. 2d Sanders 72, E. note 3; Salk 322; the principle is not different where the execution has issued, and by an agreement with the defendant, the enforcement is delayed beyond a year and day, it may be acted upon without the necessity of a renewal by sci. fa.
But who could take advantage of it, admitting that it were irregular.. The case of Barkley, vs. Screven, 1 Nott & M' Cord, 408, clearly shews that third persons can make no objections of this kind, however irregular proceedings may be; and further, that in the sale of real property under execution, supported by a judgment, the purchaser at such sale is not required to look into the regularity of the proceedings; the seal of the-court (it is said) is evidence enough for him. I think it very clear that the supposed irregularity of the execution under which the lot was sold, cannot avail the defendant. The only object of a sci. fa. is to afford the defendant an opportunity of shewing that the judgment has been satisfied, and if the defendant admits the fact to be otherwise and consents that an execution may be enforced, why delay the plaintiff by an unmeaning formality.
From every view which I have been able to take of this ■case, 1st. the policy which seems to have prevailed of protecting purchasers at sheriff’s sales, who buy with a confidence that what is done in virtue of the law, will avail where due jjrecaution has been observed on the part of the purchaser: 2d. that there was no such evidence of 'his judgment having been satisfied as the purchaser was bound to regard, if indeed any satisfaction had been made which did not appear in evidence: 3d. that the delay in enforcing the execution under which the lot was sold was occasioned by the act of the defendant himself . and the irregularity (if any) cured by his after assent to its enforcement; withal.that the proceeding appears to have been fair *464 I think there is nothing in the objections raised which can authorize a new trial. The motion is therefore refused.
Gregg, and Harper, for motion.
Chappell, and Desaussurc, contra.
Huger, Johnson, and JYott, Justices, concurred..
Colcock, Justice, dissent.